

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann        AUSTIN 11, TEXAS
XXXXXX XXXXXXXXXXXXXXXXRID
ATTORNEY GENERAL

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas        Opinion No. O-819
                 Re:   Transfer of state per capita
                        and county-wide tax to School
                        for Deaf.

Dear Sir:

      We are in receipt of your letter of May 12, 1939,
in which you request the opinion of this department as to
whether the State per capita apportionment and a proportion-
ate part of the county-wide tax on two children of scholas-
tic age who have been sent to the Texas School for the
Deaf, should be transferred from the Splendora Common School
District No. 15 in Montgomery County, to the Texas School
for the Deaf.

      Article 2696, Revised Civil Statutes, 1925, pro-
vides for the transfer of scholastics from one district to
another district in the same county. Article 2697, Revised
Civil Statutes, 1925, provides for the transfer of a child
and its proportionate part of the school fund to an <u>adjoin-
ing</u> district in another county, under certain circumstances.
Article 2698, Revised Civil Statutes, 1925, provides for
emergency transfers in case of public calamity, and it is
provided in Article 2699, Revised Civil Statutes, 1925, that:

         "Except as herein provided, no part
     of the school fund apportioned to any district
     or county shall be transferred to any other
     district or county; . . ."

      Article 2922L (1) and Article 2904, Revised Civil
Statutes, 1925, provide that scholastics may attend school
in other districts when their grade is not taught at home,
and further provides for the payment of tuition by the send-
ing district.

      Our general transfer statutes, mentioned above,
do not provide for the <u>transfer</u> of scholastics from one school

district to any and all school districts in the State, but transfers are specifically limited. In each of these transfer statutes, the provision is for a transfer from one school district to another school district and not from one school district to some other state institution.

Although the State Board of Education has, pursuant to Article 2666, Revised Civil Statutes, 1925, created school districts at some of the eleemosynary institutions of this State, we are informed by the Department of Education that such is not true of the Texas School for the Deaf. We are also informed by the Statistics Division of the Department of Education that no per capita apportionment of the State Available School Fund is made to the Texas School for the Deaf, that institution being supported by a legislative appropriation.

We assume that the county-wide tax in Montgomery County which is levied on account of the timber land taken off the tax rolls by the Federal Government and to which you refer in your letter, is based upon Article 2740g, Revised Civil Statutes, 1925, as amended. We find no provision in this Act which would require or permit the transfer of these funds to a county other than that in which it is collected, except the provision in Section 7, which allows a per capita apportionment to be made for county-line districts.

Based upon the above considerations it is our opinion that there is no statutory authorization for the transfer of the per capita apportionment of state funds, or per capita apportionment of the county-wide equalization tax of Montgomery County to the Texas School for the Deaf, although a scholastic from Montgomery County may be sent to the School for the Deaf.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/ Cecil C. Cammack
Assistant

CCC:LW:bt
APPROVED Jun 21, 1939
Gerald C. Mann
Attorney General of Texas
Approved Opinion Committee
By DDM Chairman